UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MARKS,

   Plaintiff,

  v.

CITY OF DETROIT, A Michigan Municipal Corporation, XHESJAN ZAIMI, ANDREW VANDESTEENE, and DAVID WIGGINS, in their individual and official capacities, Jointly and Severally,

   Defendants.

Case No.
Hon.

_____/

JOEL B. SKLAR (P38338)
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
joel@joelbsklarlaw.com

PERKINS LAW GROUP, PLLC
TODD RUSSELL PERKINS (P55623)
STEPHEN J. CHACKO (P78210)
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702
tperkins@perkinslawgroup.com

_____/

## **COMPLAINT AND JURY DEMAND**

Plaintiff, John Marks, by and through his attorneys, Perkins Law Group, LLC

and Law Offices of Joel B. Sklar, files this Complaint and Jury Demand in the above captioned matter, and says:

## JURISDICTION

1. Plaintiff John Marks is an individual who resides in the City of Detroit, Michigan, which is in this Judicial District.

2. Defendant, City of Detroit, is a Michigan municipal corporation doing business in the City of Detroit, Michigan, and operates the City of Detroit Police Department (DPD), which is in this District.

3. Defendant Detroit Police Officer Xhesjan Zaimi is an individual who is/was an employee of the City of Detroit Police Department and works in the City of Detroit, Michigan, which is in this District. He is being sued in his individual and official capacities.

4. Defendant Detroit Police Officer Andrew Vandesteene is an individual who is/was an employee of the City of Detroit Police Department and works in the City of Detroit, Michigan, which is in this District. He is being sued in his individual and official capacities.

5. Defendant Detroit Police Officer David Wiggins is an individual who is/was an employee of the City of Detroit Police Department and works in the City of Detroit, Michigan, which is in this District. He is being sued in his individual and official capacities.

6. The individual Defendants were acting under color of law and are being sued in their individual and official capacities.

7. The individual Defendants are not entitled to qualified or any other immunity because they knowingly and intentionally violated Plaintiff's clearly established *Fourth Amendment Rights* which any reasonable officer would have known.

8. This Court has original jurisdiction over these claims pursuant to 28 USC § 1331.

9. Venue is proper in this Court pursuant to 28 USC § 1391(a)(1) and (2) since the events giving rise to this claim all occurred in Wayne County, Michigan which is within this District.

## **FACTS**

10. Plaintiff reasserts word for word and paragraph for paragraph each of the above allegations.

11. On May 17, 2019, Plaintiff resided at 15914 Fielding Street in Detroit, Michigan.

12. Defendant Detroit Police Department ("DPD") Officers Zaimi, Vandesteene, and Wiggins were all part of the DPD's Special Operations Unit ("SOU").

13. On May 17, 2019, at about 10:00 p.m., Defendant Officers Zaimi,

3

Vandesteene, and Wiggins were all in a black scout car on Fielding Street and Puritan Avenue in the City of Detroit, Michigan.

14. Defendant Zaimi drove the scout car, with Defendant Wiggins in the front passenger seat and Defendant Vandesteene in the back.

15. As the Defendant Officers drove down Fielding Street, they purportedly saw two cars blocking the moving lane of traffic.

16. The Defendant Officers asked the occupants to move the vehicles, which they did.

17. The Defendant Officers also purportedly saw a group of young black men on the sidewalk, holding red plastic cups which the officers suspected contained alcohol.

18. Defendant Officer Wiggins, still seated in the front passenger seat, purportedly saw Plaintiff leave the group and walk in an "unnatural manner" on a driveway to Plaintiff's home located at 15914 Fielding, where Wiggins lost sight of him.

19. Defendant Officer Wiggins claimed he heard the sound of a trash can close and Plaintiff reappear walking in a "natural manner."

20. Defendant Officer Wiggins recognized Plaintiff from a previous encounter.

21. Next, the DPD SOU officers exited their black scout car and Defendant

Officer Wiggins walked to the home located on 15914 Fielding.

22. Despite being fitted with a bodycam, Wiggins failed to activate it.

23. The home at 15914 Fielding appeared occupied, well maintained and the lights inside the home were on.

24. The home at 15914 Fielding had two iron gates for access to the side and back of the home.

25. Defendant Wiggins did not ask Plaintiff, or any other occupant of the home, for permission to search the garbage cans located on the side of the home.

26. Defendant Wiggins did not secure the area and request a search warrant despite the fact he had ample time, means and opportunity to do so, nor were there any exigent circumstances to justify a warrantless search.

27. Instead, Defendant Officer Wiggins walked past the two iron gates to search the trash cans located on the side of the home.

28. Defendant Wiggins opened the trash cans, conducted a search, and purportedly located a gun.

29. Defendant Wiggins did not wear gloves or take any other measures to preserve the fingerprints on the gun.

30. Defendant Wiggins attributed the gun to Plaintiff and arrested him for carrying a concealed weapon (CCW), a felony.

31. On June 20, 2019, the state district court conducted a preliminary

examination.

32. At the examination, Defendant DPD officer Wiggins testified as did Ebonique Trimble, Plaintiff's mother.

33. Ms. Trimble testified that her son resided at 15914 Fielding, with his daughter and mother of his child, and had lived there for years.

34. At the conclusion of the preliminary examination, the district court found Defendant Wiggins' warrantless search violated Plaintiff's *Fourteenth Amendment* rights prohibiting unreasonable searches and dismissed the charges because of the constitutional violation.

35. On October 14, 2019, these same Defendants encountered Plaintiff at a parking lot located 24601 Grand River in the City of Detroit, purportedly to investigate a report of gun shots fired the previous day.

36. The parking lot at 24601 Grand River is private property.

37. Defendants found Plaintiff in the parking lot walking toward the driver's side of a Ram pick-up truck with a semi-clear plastic cup which contained a yellowish liquid, which Defendant Zaimi believed to be alcohol. At no time did any Defendant see Plaintiff consume the liquid.

38. Defendant Officers than exited their police vehicle to "investigate."

39. Plaintiff entered the pick-up truck and sat in the driver's seat with the driver's side door open.

6

40. Defendant Zaimi approached Plaintiff near the driver's side of the Dodge Ram under the guise of a suspected open intoxicant violation.

41. Plaintiff was not free to leave.

42. Defendant Zaimi conducted a pat-down search of Plaintiff who was still sitting in the Dodge Ram and found no contraband.

43. After Zaimi's initial search, Defendant Vandesteene located a gun on the passenger seat of the Dodge Ram and told Defendants Officers Zaimi and Wiggins.

44. Defendant Zaimi ordered Plaintiff to exit the vehicle, which order Plaintiff complied with.

45. Defendant Zaimi conducted another involuntary warrantless search and found a handgun on Plaintiff.

46. Plaintiff was subsequently charged with numerous criminal offenses including consuming an open intoxicant in public and carrying a concealed weapon.

47. On October 30, 2019, a preliminary examination was conducted in the 36th District Court, the Hon. Ronald Giles presiding.

48. The District Court found the Defendant Officers violated Plaintiff's Fourth Amendment rights and granted Plaintiff's motion to suppress evidence of the gun unlawfully seized from Plaintiff.

49. The Court reasoned:

7

>Having heard the arguments on the Motion - dealing with these issues - first, you know I gave you plenty of opportunity to address the issue of the officer's first rights to be there in the first place. They had none. It's your burden to show that that was public property and that they [Defendant Officers] had a right to be on it. Okay. If it's private property, then they could be sitting up there with - they don't have to have a cup. They could be sitting up there with the bottle of Patron turning it up; because it's private property and they can do that on private property.
>
>The Statute, itself, that would have given reasonable suspicion addresses public property; not private property. Public property. So you know, at this point - because they had no right and you haven't shown that they had a right to go onto that property, you can't get passed the first element. You can't - you don't even get to reasonable suspicion because you're not allowed to it.
>
>You know, and because of that, the Court is going to suppress the gun that was found on Mr. Marks at a later search, for that reason. For a second reason, not even dealing with the issue of it being private property, Office Zaimi had not [sic] right to search him in the first place. Walk up to and just start searching him, patting him down. It was a civil infraction - if it had been public property - but it wasn't. He had no right to search him. Now we come to the Fourth Amendment issue. And anything that happens after that - I don't care what the other officer did, how he did it, all of it is tainted at that point because of the violation of his Fourth Amendment right.
>
>And as a result, I will dismiss for that reason, also.

(Hrg. Tr. 71-72)

## COUNT I

### VIOLATION OF PLAINTIFF'S *FOURTH AMENDMENT* RIGHT TO BE FREE FROM UNLAWFUL SEARCH AND SEZIURE PURSUANT TO 42 USC § 1983

50. Plaintiff reasserts word for word and paragraph for paragraph the allegations set forth above.

8

51. At all relevant times, the individual Defendants Zaimi, Vandesteene, and Wiggins were state actors for purposes of *42 USC § 1983* and were acting under color of law at the time they deprived Plaintiff of his constitutional rights as set forth herein.

52. The *Fourth Amendment* to the U.S. Constitution guarantees Plaintiff a clearly established right to be free from "unreasonable searches and seizures" by governmental officials. *U.S. Const. Amend IV*. This is a clearly established right which any reasonable officer would know.

53. On May 17, 2019, Defendant Wiggins searched 15914 Fielding street without any probable cause, legal justification or excuse for doing so.

54. On May 17, 2019, Defendant Wiggins conducted a warrantless search of Plaintiff's home and property in violation of Plaintiff's clearly established *Fourth Amendment* rights.

55. On October 14, 2019, Defendant Zaimi conducted another warrantless search of Plaintiff without any justification or legal excuse.

56. As acknowledged by the state district court, Defendant Zaimi lacked any reasonable suspicion or other legal justification to search Plaintiff.

57. On May 17, 2019 and October 14, 2019, Defendant Officers acted in concert and conspired with one another to violate Plaintiff's *Fourth Amendment* rights.

58. Each individual Defendant Officer had a duty to intervene to stop the unconstitutional actions of the others but failed to intervene.

59. As a direct and proximate result of the Defendants Officers' violation of Plaintiff's clearly established federal rights, and/or their conspiracy to violate Plaintiff's clearly established *Fourth Amendment* rights, Plaintiff suffered the following injuries, including, but not limited to:

    A. Unlawful detention in jail;

    B. Fear, emotional distress, embarrassment, humiliation, anxiety anger, loss of the enjoyments of life, pain and suffering, aggravation of pre-existing conditions;

    C. Payment of attorney fees to defend the unlawful criminal charge and other economic injuries;

    D. Other non-economic injuries which may continue up to and through the date of this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter a judgment against Defendants, jointly and severally, in their individual and official capacities, including costs, interest, statutory attorney fees, punitive damages and all other relief allowed by *42 USC §1988* and any other relief the Court deems just.

## COUNT II

### MALICIOUS PROSECUTION IN VIOLATION OF THE *FOURTH AMENDMENT* PURSUANT TO 42 USC §1983

60. Plaintiff reasserts paragraph for paragraph and word for word each of the above allegations.

61. The *Fourth Amendment* prohibits malicious prosecution.

62. Criminal prosecution was initiated against plaintiff and defendants made, influenced, or participated in the decision to prosecute.

63. There was a lack of probable cause for the criminal prosecution.

64. That as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure.

65. The criminal proceeding was resolved in Plaintiff's favor.

66. As a direct and proximate result of Defendants violation of Plaintiff's clearly established federal rights, and/or their conspiracy to violate Plaintiff's clearly established *Fourth Amendment* rights, Plaintiff suffered the following injuries, including, but not limited to:

    A. Unlawful detention in jail;

    B. Fear, emotional distress, embarrassment, humiliation, anxiety anger, loss of the enjoyments of life, pain and suffering, aggravation of preexisting conditions;

    C.    Payment of attorney fees to defend the unlawful criminal charge and other economic injuries;

    D.    Other non-economic injuries which may continue up to and through the date of this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter a judgment against Defendants, jointly and severally, in their individual and official capacities, including costs, interest, statutory attorney fees, punitive damages and all other relief allowed by 42 USC §1988 and any other relief the Court deems just.

## COUNT III

### MUNICIPAL LIABILITY IN VIOLATION OF THE *FOURTH AMENDMENT,* PURSUANT TO 42 USC § 1983

67.    Plaintiff reasserts paragraph for paragraph and word for word each of the above allegations.

68.    Defendant City of Detroit/DPD Department have failed to train, properly supervise or instruct their officers concerning search and seizures and the acceptable parameters of the *Fourth Amendment*.

69.    Defendant City of Detroit/DPD encourages SOU officers to disregard constitutional prohibitions and make unlawful searches and seizures in the ordinary course and routine of their patrols in the hope of later finding some evidence of criminality, as was the case with Plaintiff.

70.    Defendant City of Detroit/DPD further tolerates and acquiesces to such

unconstitutional conduct, custom or policy.

71. Defendant City of Detroit/DPD knew these particular Defendant Officers had violated Plaintiff's (and other citizens') constitutional rights but failed to discipline, admonish or correct such unlawful conduct.

72. Defendant city of Detroit and the Detroit Police Department have acted with deliberate indifference to the rights of persons similarly situated to Plaintiff to be free from unlawful search and seizures in violation of State law.

73. As a direct and proximate result of Defendants violation of Plaintiff's clearly established federal rights, and/or their conspiracy to violate Plaintiff's clearly established *Fourth Amendment* rights, Plaintiff suffered the following injuries, including, but not limited to:

- A. Unlawful detention in jail;
- B. Fear, emotional distress, embarrassment, humiliation, anxiety anger, loss of the enjoyments of life, pain and suffering, aggravation of preexisting conditions;
- C. Payment of attorney fees to defend the unlawful criminal charge and other economic injuries;
- D. Other non-economic injuries which may continue up to and through the date of this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter a judgment against

Defendants, jointly and severally, in their individual and official capacities, including costs, interest, statutory attorney fees, punitive damages and all other relief allowed by 42 USC §1988 and any other relief the Court deems just.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
Stephen J. Chacko (P78210)
Perkins Law Group, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702

Dated: April 19, 2021

tperkins@perkinslawgroup.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, JOHN MARKS, by and through his attorneys, hereby demands a jury trial in the above captioned matter.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

|  |  |
|---|---|
|  | Todd Russell Perkins (P55623) |
|  | Stephen J. Chacko (P78210) |
|  | Perkins Law Group, PLLC |
|  | Attorneys for Plaintiff |
|  | 615 Griswold, Suite 400 |
|  | Detroit, MI 48226 |
|  | 313-964-1702 |
| Dated:  April 19, 2021 | tperkins@perkinslawgroup.com |